IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     PLAINTIFF,   ) | |
| ) | |
| v.   ) | CASE NO. 2:08cv-573-MEF |
| ) | |
| JAMARLO K. GUMBAYTAY, *et al.*,   ) | (WO) |
| ) | |
|     DEFENDANTS.   ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Jamarlo Gumbaytay's Motions to Dismiss (Docs. # 8 & 12) filed on August 15, 2008 and August 28, 2008. On July 17, 2008, Plaintiff brought suit against Defendants pursuant to Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"). Plaintiff filed an Amended Complaint on January 7, 2009, with additional claims pursuant to the Fair Housing Act against Defendants. Plaintiff alleges that Jamarlo Gumbaytay ("Gumbaytay") engaged in a pattern of unlawful discrimination on the basis of sex in connection with the rental of Defendants' properties. In particular, Plaintiff alleges that Gumbaytay engaged in discriminatory conduct from 2005 through the present.

Gumbaytay seeks dismissal of the claims against him because he contends the automatic stay provision in Bankruptcy Code, 11 U.S.C. § 362(a) ("section 362(a)") applies to him. He argues that he filed a bankruptcy petition in 2003 and that section 362(a) requires this Court dismiss the case against him. The Court disagrees.

By its own terms, section 362 precludes application of the automatic stay to this action. First, section 362(c) provides that an automatic stay expires when the bankruptcy court dismisses the bankruptcy petition. 11 U.S.C. § 362(c) (providing that the stay continues until the earliest of (A) the time of the case is closed, (B) the time the case is dismissed, or (C) the time a discharge is granted); *U.S. v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (finding that an automatic stay is lifted at the time of discharge). Here, Gumbaytay filed for bankruptcy in the Federal Bankruptcy Court for the Middle District of Alabama on August 27, 2003. *In re Jamarlo Gumbaytay*, No. 03-32624, (Bankr. M.D. Ala 2003). On July 25, 2008, the bankruptcy court dismissed Gumbaytay's petition. *Id.* Any automatic stay expired, therefore, when the bankruptcy court dismissed the bankruptcy petition on July 25, 2008.

Second, pursuant to section 362(a), a bankruptcy petition filing "operates as a stay applicable to ... proceedings against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). As a result, section 362(a) does not apply to conduct that occurs after the filing of a bankruptcy provision. *Id.*; *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir. 1985) (stating that section 362(a)'s stay provision "simply does not apply to post-bankruptcy events"). Gumbaytay filed for bankruptcy in August of 2003. The Amended Complaint in this action alleges discriminatory conduct occurring after 2003. *See* Doc. #45, ¶18. Because the automatic stay does not apply to claims arising after the filing of a bankruptcy petition,

an automatic stay does not apply to this action.

For the foregoing reasons, it is hereby ORDERED that Defendant Jamarlo Gumbaytay's Motions to Dismiss (Doc. # 8 & 12) are DENIED.

DONE this the 9th day of March, 2009.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE