IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:08cv-573-MEF |
| | ) |
| JAMARLO K. GUMBAYTAY, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 17, 2008, the United States of America ("Plaintiff") brought suit (Doc. #1) against eleven defendants pursuant to Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"). Plaintiff filed an Amended Complaint (Doc. #45) on January 7, 2009, with additional claims pursuant to the Fair Housing Act against the ten remaining of the original defendants and three additional defendants. Plaintiff alleges that defendant Jamarlo Gumbaytay ("Gumbaytay") engaged in a pattern of unlawful discrimination on the basis of sex in connection with the rental of the other defendants' properties. This cause is before the Court on Plaintiff's Application for Entry of Default (Doc. #75), which the Court construes as a Motion for Entry of Default Judgment, filed on June 26, 2009.

**I. PROCEDURAL HISTORY**

**A. Original Complaint**

On July 17, 2008, Plaintiff brought suit against eleven defendants pursuant to the Fair

Housing Act. The original eleven defendants include the Estate of Donna Greene ("Greene"), Lori Williams ("Williams"), Sean McDonough ("McDonough"), Woody D. Franklin and Woody D. Franklin, Sr. (collectively "the Franklins"), James F. Clark and Barbara Clark (collectively "the Clarks"), Gumbaytay, Matthew Bahr ("Bahr"), and Brett Rosenbaum ("Rosenbaum"). Gumbaytay, Bahr, the Franklins, the Clarks, and Williams filed answers to Plaintiff's Original Complaint. *See* Docs. #6-7, 16, 19, 39. Bahr and Williams are *pro se* litigants.

**B. Amended Complaint**

Plaintiff filed an Amended Complaint (Doc. #45) on January 7, 2009, with additional claims pursuant to the Fair Housing Act against the original defendants and three additional defendants. The additional defendants include Millennia Properties, LLC ("Millennia"), Abraham Campbell ("Campbell"), and Guest Property Sales, LLC ("Guest Property"). Millennia and Campbell answered the Amended Complaint. *See* Docs. #51-52. Williams, the Franklins, and the Clarks also filed answers to the Amended Complaint. *See* Docs. #80-81, 94. On April 10, 2009, the Clerk of the Court filed an Entry of Default as to defendants McDonough and Rosenbaum (Doc. #64). On June 26, 2009, the Clerk of the Court filed an Entry of Default as to defendant Guest Property (Doc. #74).

**C. Plaintiff's Motion For Entry of Default As To Seven Defendants**

On June 26, 2009, Plaintiff filed a Motion for Entry of Default as to Seven Defendants (Doc. #75). In its motion, Plaintiff seeks default judgment against Gumbaytay, Bahr,

2

Williams, the Franklins, and the Clarks. The Franklins, Clarks, and Gumbaytay filed Responses in Opposition to Plaintiff's Motion (Docs. # 78-79, 92).

## II. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). However, the law in this Circuit is clear that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (stating that "defaults are seen with disfavor because of the strong policy of determining cases on their merits"). In addition, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment. *See, e.g.*, *Atl. Recording Corp. v. Carter,* 508 F. Supp. 2d 1019, 1022 n. 1 (S.D. Ala. 2007) (collecting cases); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment).

Plaintiff seeks entry of default judgment against seven of the named defendants in this case. However, all of these defendants have filed answers to the Amended Complaint except

3

Gumbaytay and *pro se* litigant Bahr. Because the defendants have filed an answer to either Plaintiff's original complaint or amended complaint, Plaintiff's Motion for Entry of Default as to Seven Defendants is due to be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. #75) is DENIED.

To ensure that Bahr has proper notice of these proceedings, the Clerk of the Court is

DIRECTED to mail a copy of this Order, Plaintiff's Amended Complaint (Doc. #45), and Plaintiff's Motion for Entry of Default as to Seven Defendants (Doc. #75) to Matthew Bahr by both regular mail and by certified mail, return receipt requested. It is also

ORDERED that Jamarlo Gumbaytay and Matthew Bahr file an answer to Plaintiff's Amended Complaint no later than **October 19, 2009**. Mr. Bahr is also hereby advised that failure to participate in proceedings may result in the imposition of sanctions.

DONE this the 5th day of October, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE