IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-573-MEF |
| ) | |
| JAMARLO K. GUMBAYTAY, *et al.*, ) | (WO) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

On July 17, 2008, the United States of America ("Plaintiff") brought suit (Doc. #1) against eleven defendants pursuant to Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"). Plaintiff filed an Amended Complaint (Doc. #45) on January 7, 2009, with additional claims pursuant to the Fair Housing Act against the ten remaining of the original defendants and three additional defendants. Plaintiff alleges that defendant Jamarlo Gumbaytay ("Gumbaytay") engaged in a pattern of unlawful discrimination on the basis of sex in connection with the rental of the other defendants' properties. On June 26, 2009, Plaintiff moved for entry of default as to seven defendants, including Gumbaytay (Doc. #75). This Court denied that motion, but, in so doing, required Gumbaytay to file an answer to Plaintiff's Amended Complaint by no later than October 19, 2009 (Doc. #97). Gumbaytay timely responded with what the Court construed as a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment (*see* Doc. #101). Upon

consideration of these motions and Plaintiff's response in opposition, both motions are due to be DENIED.

## II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1331 and 1345. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555 (internal citations omitted). It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support

recovery." *Id.* at 561 (internal quotation and alteration omitted).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of

the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts

The factual allegations and evidentiary submissions, viewed in the light most favorable to the non-movant, show the following:

Gumbaytay managed several residential rental properties in the Montgomery, Alabama area. From at least 2005 through the filing of the suit, Gumbaytay subjected actual and prospective female tenants of those properties to conduct that included unwanted verbal sexual advances, unwanted sexual touching, unwanted sexual language, grants and denials of tangible housing benefits based on sex, and adverse action when they refused or objected to his sexual advances. As examples, Gumbaytay would regularly comment to female tenants or prospective tenants about their physical attractiveness, repeatedly ask them out on dates even when they had previously declined, and would send false notices of rent owed to those who spurned his advances.

### B. Procedural History

On July 17, 2008, Plaintiff brought suit against eleven defendants pursuant to the Fair

Housing Act. The original eleven defendants included Gumbaytay. On August 15 and 28, 2008, Gumbaytay filed separate motions to dismiss this complaint, on the grounds that he had filed for bankruptcy (Docs. #8 & 12). The Court denied both of those motions (Doc. #55). The Court noted that any automatic stay required by Gumbaytay's bankruptcy expired when the bankruptcy court dismissed his petition on July 25, 2008. *Id.* Additionally, the stay would not apply to conduct that occurs after the bankruptcy filing, such as that conduct alleged in Plaintiff's Complaint. *Id.*

Plaintiff filed an Amended Complaint (Doc. #45) on January 7, 2009, with additional claims pursuant to the Fair Housing Act against the remaining original defendants and three additional defendants. On June 26, 2009, Plaintiff moved for entry of default judgment as to seven defendants, including Gumbaytay, for failure to file an answer to its Amended Complaint (Doc. #75). All defendants had at least filed an answer to either the original complaint or the amended complaint (*see* Doc. #97). Therefore, because the Eleventh Circuit disfavors defaults, the Court denied Plaintiff's motion for entry of default judgment. *Id.* However, the Court did direct Gumbaytay to file an answer to Plaintiff's Amended Complaint no later than October 19, 2009. *Id.*

On that date, Gumbaytay submitted a filing initially titled "Memorandum Opinion and Order" and wholly copying three full paragraphs—without citation—from the Court's order denying Plaintiff's motion for entry of default judgment (Doc. #99). However, he did add an additional section entitled "Motion to Dismiss for Lack of Evidence." *Id.* The Court

construed this filing as a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment (Doc. #101).

## V. DISCUSSION

### A. Motion to Dismiss

In its Amended Complaint, Plaintiff alleges that Gumbaytay violated the Fair Housing Act (Doc. #45). Plaintiff adds that from at least 2005 through the filing of the lawsuit, Gumbaytay subjected actual and prospective female tenants of his managed properties to discrimination on the basis of sex. *Id.* Plaintiff goes on to list specifics, including "unwanted verbal sexual advances, unwanted sexual touching, unwanted sexual language, granting and denying tangible housing benefits based on sex, and taking adverse action against female tenants when they refused or objected to his sexual advances." *Id.* These factual allegations, taken as true, "raise a right to relief above the speculative level." Therefore, Gumbaytay's Motion to Dismiss is due to be DENIED.

### B. Motion for Summary Judgment

As stated above, the party moving for summary judgment bears the initial burden of identifying to the Court the portions of the pleadings and evidence on file that demonstrate the absence of a genuine issue of material fact. In his motion, Gumbaytay points out Texas state case law and irrelevant instances of false rape allegations that occurred outside of this Court's jurisdiction. Gumbaytay only refers to the pending suit in one-half of one paragraph, as follows:

6

> The females in the complaint all have the same socio-economic issues [as the women Gumbaytay cites as falsely alleging rape], unemployed or under employed [*sic*]. I never rented any units to the tenants in question except for two or three and all of them were evicted for non-payment of rent. The ladies are seeking to get paid for the lies, deceit and defamation of my character.

Gumbaytay submits no evidentiary materials to support these allegations, nor does he cite to any other evidence or the contents of any other pleading in this pending suit. Therefore, Gumbaytay clearly fails to meet his initial burden, and his motion for summary judgment is due to be DENIED.

However, even had he satisfied that initial burden his motion would be denied. Plaintiff asserts in its Amended Complaint that Gumbaytay's conduct constitutes violations of several provisions in § 3604 and a provision of § 3617 of the Fair Housing Act. Section 3604 prohibits, *inter alia*, various forms of sex discrimination in the rental of housing. Section 3617 prohibits coercion, intimidation, threats, or interference with the rights protected under § 3604.

Factually, Plaintiffs plead that Gumbaytay engaged in various types of discrimination against female tenants and prospective tenants, including unwanted verbal sexual advances, unwanted sexual touching, unwanted sexual language, grants and denials of tangible housing benefits based on sex, and adverse actions taken when those female tenants and prospective tenants refused or objected to his sexual advances. Plaintiffs also submitted affidavits from several women who have lived in properties managed by Gumbaytay, all describing various forms of discrimination based on sex. Therefore, Plaintiff has submitted evidentiary material

7

beyond the pleadings which designates specific facts showing that there is a genuine issue for trial. As a result, even if Gumbaytay had satisfied his initial burden, his motion for summary judgment would still be due to be DENIED.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that

(1) Gumbaytay's Motion to Dismiss (Doc. #99) is DENIED; and

(2) Gumbaytay's Motion for Summary Judgment (Doc. #99) is DENIED.

DONE this the 23rd day of November, 2009.

                                                /s/ Mark E. Fuller
                                         CHIEF UNITED STATES DISTRICT JUDGE