UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-cv-573-MEF |
| ) | |
| JAMARLO K. GUMBAYTAY, et al., ) | (WO-PUBLISH) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Lori Williams's ("Williams") Motion to Reconsider or in the alternative Motion to Certify for Interlocutory Appeal (Doc. # 199) this Court's denial in part of her Motion for Summary Judgment. For the foregoing reasons, that Motion is due to be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The United States filed suit against several property owners, including Williams, who all employed defendant Jamarlo Gumbaytay ("Gumbaytay") as a property manager. (Doc. # 168). The Third Amended Complaint alleges that Gumbaytay has been subjecting female tenants to discrimination on the basis of sex, including sexual harassment. *Id.* ¶ 3. Specifically, the Third Amended Complaint alleges that Williams employed Gumbaytay to manage the property at 720 Capri Street, Montgomery, Alabama 36105. *Id.* ¶ 9. Valerie Manning and her children were the only tenants at 720 Capri Street during the time that Gumbaytay was employed as property manager. According to

Manning, Gumbaytay offered to pay her rent if she would "see him some time." (Doc. # 138 Ex. A ¶ 4). He often parked his car in front of her house and called her so often that at one point she disconnected her phone to avoid his calls. *Id*. ¶¶ 5, 6. The United States contends that the Attorney General has the right to bring this suit under the Fair Housing Act based on the defendants' 1) "pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.," or 2) denial of rights to a group of persons which raises an issue of general public importance. *Id*. ¶ 26.

Williams filed a Motion for Summary Judgment arguing, among other things, that the United States did not have standing under the Fair Housing Act § 3614(a) to bring suit against her because 1) Williams did not engage in an individual pattern or practice of discrimination, 2) there is no group pattern or practice of discrimination between the several defendants, and 3) the discrimination alleged against Williams involved only one victim, and therefore cannot rise to the level of general public importance. (Doc. # 132). The Court partially granted Williams's Motion, but denied the Motion with regard to her arguments that the government did not have standing to bring suit. (Doc. # 197). The Court found that "Plaintiff has easily satisfied its burden of producing evidence showing a material fact issue about whether the group of defendants 'engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted' by the Fair Housing Act." *Id*. at 11. Because the United States only needs to demonstrate one of the requirements for standing under 42 U.S.C. § 3614(a), the Court did not consider

2

Williams's arguments about whether the discrimination in this case rises to a level of general public importance. *Id.* Williams has filed a motion requesting that this Court reconsider its ruling that the United States has produced evidence of a group pattern or practice among the defendants. (Doc. # 199).

## II.  LEGAL STANDARD

The District Court has substantial discretion in ruling on a motion for reconsideration. *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." *Id.* Courts have recognized only three grounds for reconsideration: 1) an intervening change in controlling law, 2) the availability of new evidence, and 3) the need to correct clear error or manifest injustice. *Id.* Merely expressing disagreement with the Court's opinion is not enough to justify relief. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (A motion for reconsideration is not "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

## III.  DISCUSSION

In her Motion for Reconsideration, Williams first argues that to "allow the government to proceeds against her for an alleged pattern and practice of discrimination in the absence of Eleventh Circuit guidance on the issue would result in manifest injustice." (Doc. # 199 at 2). While there may not be any Eleventh Circuit decisions

3

precisely on point in this case, a lack of guiding law from the Circuit does not require that this Court reverse its ruling on Williams's Motion for Summary Judgment. An absence of guiding law also does not rise to the level of manifest injustice. In order to reach the Circuit, the matter must first be decided by the District Court.

Williams also argues that requiring her to appear for a two week trial involving eighteen defendants is unfair "in light of the United States' failure to present sufficient evidence to this Court that there is a sufficient nexus between Williams and the other Defendants." (Doc. # 199 at 6). The Court does not dispute that defending oneself against a lawsuit brought by the United States may present burdens. However, these burdens do not rise to the showing of manifest injustice required for relief under Rule 59(e). Therefore, Williams's Motion is due to be denied.

The Court declines to certify this issue for interlocutory appeal.

It is therefore ORDERED that Williams's Motion to Reconsider, or in the alternative Motion to Certify for Interlocutory Appeal (Doc. # 199) is DENIED.

Done this the 11th day of January, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE