IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-573-MEF |
| v. | ) | |
| | ) | |
| MATTHEW BAHR, *et al.*, | ) | (PUBLISH) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on three Motions to Dismiss, or in the alternative

Motions for Judgment on the Pleadings.  The Motions, filed by Woody Franklin and

Terrill Jorgensen (Doc. # 388), James and Barbara Clark (Doc. # 390), and Millennia

Properties, LLC (Doc. # 391) (collectively "the Defendants"), allege that because the

United States chose not to substitute Jamarlo Gumbaytay's estate after Mr. Gumbaytay's

death, the United States cannot now hold the other defendants liable.  For the foregoing

reasons, those motions are due to be DENIED.

### I.  LEGAL STANDARD

None of the defendants specify the Federal Rule of Civil Procedure under which

they are moving to dismiss.  However, the Court assumes that the Defendants intended to

move pursuant to Rule 12(b)(6).  As the parties are likely aware, such a motion must be

made prior to filing a responsive pleading.  Fed. R. Civ. P. 12(b)(6).  As all of the moving

Defendants have filed answers, the Court will consider their motion on the alternative

ground for relief, Rule 12(c).[1]

In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may

consider only the pleadings, in this case the Complaint and Answer.  *See* Fed. R. Civ. P.

12(c).  A motion for judgment on the pleadings under Rule 12(c) is governed by the same

standards as a motion to dismiss under Rule 12(b)(6).  The main difference between the

motions is that a motion for judgment on the pleadings is made after an answer and that

answer may also be considered in deciding the motion.  Judgment on the pleadings under

Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no

material facts in dispute and the moving party is entitled to judgment as a matter of law.

*Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir. 1999).

## II.  FACTUAL AND PROCEDURAL HISTORY

This Court has previously recited the facts of the case.[2]  Accordingly, only those

facts relevant to the Motions for Judgment on the Pleadings will be included in this

opinion.

This United States alleges in its Third Amended Complaint that Jamarlo

Gumbaytay was acting as the Defendants' agent when he violated the provisions of the

---

[1] It should be noted that the deadline for filing dispositive motions, as set out in
the Uniform Scheduling Order, was June 25, 2010.  (Doc. # 147).  The Defendants have
not requested leave to file their motions out of time.  However, since the events on which
they base their motions occurred after the dispositive motion deadline, the Court will
consider the merits of their motions.

[2] See, e.g., Documents 108, 197, 257.

Fair Housing Act.  At the time of filing the Third Amended Complaint, Jamarlo

Gumbaytay was joined as a defendant in the action.  On March 21, 2011, Mr.

Gumbaytay's attorney filed a Suggestion of Death on the record, giving notice to the

parties that Mr. Gumbaytay had died.  (Doc. # 264).  Pursuant to Federal Rule of Civil

Procedure 25, the United States had ninety days after the Suggestion of Death was filed to

substitute Mr. Gumbaytay's estate.  The United States chose not to do so, and on May 24,

2011, this Court dismissed all claims against Mr. Gumbaytay. (Doc. # 378).

## III.  DISCUSSION

The Defendants now claim in their respective motions that the dismissal of the

claims against Mr. Gumbaytay was an adjudication that Mr. Gumbaytay was not liable to

the United States regarding the allegations contained in the Third Amended Complaint.  If

the agent is found to be not liable for the alleged misconduct, the Defendants argue, then

they—Gumbaytay's alleged principals—cannot be found liable either.

The Defendants are correct that the United States' theory of liability is one of

vicarious liability.  Accordingly, the Defendants can only be liable to the United States if

Mr. Gumbaytay was acting as their agents, and as their agent he violated the provisions

of the Fair Housing Act.  However, their argument for a judgment on the pleadings is

predicated on an incorrect premise.  The dismissal of the claims against Mr. Gumbaytay

pursuant to Rule 25 did not act as an adjudication on the merits.  Nothing in either this

Court's order dismissing the claims against him or in Federal Rule of Civil Procedure

25(a) indicates that a dismissal of claims after a party's death is an adjudication on the merits.

Other courts have found that a dismissal pursuant to Rule 25 was not an adjudication on the merits. In *Gutierrez v. Gunderson*, the plaintiff died during the pendency of the litigation. Civil Action No. 04-2627, 2008 WL 170009, at *1 (D. Minn. Jan. 16, 2008). When no motion for substitution was filed, the defendants moved for dismissal with prejudice. *Id.* The court refused to dismiss with prejudice, in part because of "the lack of an adjudication on the merits." *Id.* at *2. Similarly, in *Gruenberg v. Maricopa County Sheriff's Office*, the court chose to dismiss the deceased plaintiff's claim six months after her death had been noted on the record. No. CV 06-0397-PHX-SMM, 2008 WL 2001253, *1 (D. Ariz. May 7, 2008). However, the court chose to do so without prejudice, in part because the dismissal under Rule 25 did not constitute an adjudication on the merits. Id. at *2.

Defendants argue that the claims against Mr. Gumbaytay were actually dismissed pursuant to Rule 41(b), which discusses the involuntary dismissal of a plaintiff's case due to, among other things, a failure to prosecute its claims. The Defendants seem to contend that the United States' decision not to substitute Mr. Gumbaytay's estate was, in essence, a failure to prosecute the claims against him. Rule 41(b) provides that a dismissal under Rule 41(b) is an adjudication on the merits. Therefore, the Defendants argue that this Court's dismissal of Mr. Gumbaytay was an adjudication on the merits.

This argument is not persuasive for several reasons.  First, the United States'
actions do not fall within the traditional definition of a "failure to prosecute."  As the
United States Supreme Court explained in *Link v. Wabash Railroad Company*, Rule
41(b) permits the district court to sanction plaintiffs who have unduly delayed litigation,
thereby prejudicing defendants.  370 U.S. 626 (1962).  The United States had done
nothing to unduly delay this action, and any delay resulting from their failure to
substitute Gumbaytay did not prejudice the remaining defendants.

Second, the dismissal contemplated by Rule 41(b) is accomplished on a
defendant's motion.  Neither Mr. Gumbaytay nor any of the remaining defendants moved
to dismiss Mr. Gumbaytay from the lawsuit.

Third, the Defendants have not pointed to any authority for the proposition that
even though Rule 25 clearly applies to the facts of this case, the Court should apply a
different rule, namely 41(b).  In fact, as the United States points out, the court in *Grain v.
Trinity Health* determined that when dismissal was proper under Rule 25(a), it was
unnecessary to apply Rule 41(b).  No. 03-72486, 2008 WL 2438082, *1 (E.D. Mich.
June 12, 2008).

The Court notes that while the United States can no longer seek or enforce a
judgment against Mr. Gumbaytay or his estate, the plaintiff is free to present evidence at
trial regarding Mr. Gumbaytay's alleged violations of the Fair Housing Act.  In fact, they
are required to do in order to obtain a judgment against the remaining Defendants.

Therefore, the jury can still find that Mr. Gumbaytay violated the Fair Housing Act. His—or his estate's—status as a party or nonparty to this lawsuit does not change the United States' ability to seek judgment against the remaining defendants.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motions to Dismiss (Docs. # 388, 390, 391) are DENIED.

Done this the 22nd day of June, 2011.


                     /s/ Mark E. Fuller
                  UNITED STATES DISTRICT JUDGE