IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:08-cv-573-MEF |
| MATTHEW BAHR, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff United States of America's ("United States") Motion in Limine to exclude evidence of the victims' sexual history. (Doc. # 274). Defendants Abraham Campbell, Woody Franklin, and Terrill Jorgensen have opposed this motion. (Docs. # 293 and 295).[1] For the following reasons, that motion is due to be conditionally GRANTED.

## **FACTUAL AND PROCEDURAL HISTORY**

On July 17, 2008, the United States brought suit against several defendants pursuant to Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act"). (Doc. #1, 45, 107, 168). The United States alleges that

---

[1] Margie Campbell, Lori Williams, and Todd Chamelin also opposed the motion, but they have since been dismissed as parties to this suit either on the motion of the government or because of settlement. (See Docs. # 320, 367).

Jamarlo Gumbaytay[2] ("Gumbaytay") engaged in a pattern of unlawful discrimination on the basis of sex in connection with the rental of the defendants' properties.  The United States alleges that from at least 2005, Gumbaytay subjected actual and prospective female tenants at the defendants' properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment.  This includes "unwanted verbal sexual advances; unwanted sexual touching; unwanted sexual language; granting and denying tangible housing benefits based on sex; and taking adverse action against female tenants when they refused or objected to his sexual advances."

The Attorney General may bring this lawsuit against the defendants in the following circumstances:

> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by [the Fair Housing Act], or that any group of persons has been denied any of the rights granted by [the Fair Housing Act] and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

42 U.S.C. § 3614(a).  Therefore, the Attorney General "has standing to sue" whenever he or she has reasonable cause to believe that "(1) there is an 'individual' or a 'group' pattern or practice violative of the Fair Housing Act or (2) whenever a group of persons

---

[2] Gumbaytay was originally a defendant in this lawsuit, but passed away during the course of the litigation.  He has since been dismissed as a defendant, and the United States chose not to substitute his estate.  (Doc. # 378).

has been denied rights granted by the Act and that denial raises an issue of general public importance." *United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 122–23 (5th Cir. 1973).[3]

In this case, the United States has alleged that it has standing on the basis of both grounds. The United States, among other things, seeks damages and civil penalties on behalf of the victims in this case "for injuries caused by the Defendants' discriminatory conduct." (Doc. # 168). Specifically, the United States seeks damages based on the allegation that Gumbaytay infected the victims with a sexually transmitted disease. (Doc. # 273). The United States sought discovery of Gumbaytay's medical records on this basis. Magistrate Judge Walker permitted the United States to subpoena hospital records relating to Gumbaytay's treatment for sexually transmitted diseases. (Doc. # 381).

The defendants in this case have indicated a desire to introduce evidence of the victims' sexual history. (*See* Doc. # 274). The United States seeks to exclude any testimony regarding the victims' sexual history, arguing that any such evidence would be inadmissible under Federal Rules of Evidence 402, 403, and 412. *Id.* The defendants argue that such evidence would be relevant in the event that the United States seeks damages based on the victims' exposure to sexually transmitted diseases.

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

## DISCUSSION

The Federal Rules of Evidence caution against admitting evidence regarding a victim's past sexual history or sexual predisposition, especially in cases involving sexual misconduct.  In fact, Federal Rule of Evidence 412 provides that evidence that a victim engaged in other sexual behavior or to show that the victim has a sexual predisposition is generally inadmissible in a civil case involving sexual misconduct.  Such evidence is permissible, however, if the victim has put his or her reputation in controversy and the probative value of the evidence outweighs its prejudicial nature.  Fed. R. Evid. 412.  The United States has not yet put the victims' reputations in controversy.  Accordingly, Rule 412 precludes the admission of evidence regarding the victims' sexual history.  Therefore, the United States' motion is due to be conditionally granted.

However, if the United States chooses to seek damages on behalf of the victims to compensate them for contracting any sexually transmitted diseases from Jamarlo Gumbaytay, then the Court will consider admitting such evidence.  By seeking such damages, the United States would effectively be putting the victims' reputations in controversy, and the evidence would be admissible if its probative value outweighed its prejudicial nature.

The Eleventh Circuit has found that evidence of a victim's prior sexual relationship is relevant in a case where the victim seeks damages based on contracting a sexually transmitted disease.  *See Judd v. Rodman*, 105 F.3d 1339, 1343 (11th Cir.

1997).  Accordingly, if the United States opens the door and seeks damages for the victims' acquisition of a sexually transmitted disease, the Court will likely allow evidence regarding the victims' sexual history.  However, because this motion is due to be conditionally granted, the defendants will be required to approach at sidebar and seek the Court's permission before putting any evidence regarding the victims' sexual history before the jury.

In accordance with the above opinion, it is hereby ORDERED that the United States' Motion in Limine is conditionally GRANTED.

Done this the 23rd day of June, 2011.

       /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE