IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:08-cv-573-MEF |
| | ) |
| MATTHEW BAHR, *et al.*, | )   (WO) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 13, 2011, Plaintiff United States of America ("the United States") filed its deposition designations, which included portions of Jamarlo Gumbaytay's ("Gumbaytay") deposition taken during *Boswell v. Gumbaytay*, case number 2:07-cv-135. (Doc. # 310). The only party in common between the *Boswell* case and this one is defendant Matthew Bahr. Gumbaytay was a defendant in this action, but passed away during the course of the litigation. He is no longer a party to this lawsuit, and the United States chose not to substitute his estate.

Defendants James and Barbara Clark and Abraham Campbell have filed objections to the United States' designation of portions of Gumbaytay's deposition. (Docs. # 345, 353, 355). The court construes these objections as Motions in Limine to exclude Mr. Gumbaytay's deposition. For the foregoing reasons, these motions are due to be GRANTED.

## DISCUSSION

Federal Rule of Civil Procedure 32(a)(4) provides that portions of a deposition may be used as evidence during trial if the court finds that the deponent is unavailable. Gumbaytay is unquestionably unavailable, as he is deceased.  However, the use of depositions is limited by Rule 32(a)(5), which provides that if the deposition in question was taken in a prior proceeding, the deposition "may be used in a later action involving the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action."  The deposition taken in an earlier action may also "be used as allowed by the Federal Rules of Evidence."

The relevant rule of evidence is Rule 804(b)(1), which provides that deposition testimony taken in the course of another proceeding is an exception to the hearsay rule if "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

As mentioned above, the only party in common between the instant case and the *Boswell* case, in which Gumbaytay's deposition was taken, is Matthew Bahr.  None of the other defendants in this case were involved in, or had representatives or successors in interest involved in, the *Boswell* case.  The United States argues that Courts have expanded the literal definition of "predecessor in interest" to include those who had a like motive to develop the testimony.  Even if this is the case, the Court finds that no one

involved in the *Boswell* case had motives similar to the defendants involved here. While Gumbaytay, and therefore his counsel in the *Boswell* case, had a motive to develop exculpatory evidence regarding Gumbaytay's conduct, Gumbaytay's counsel did not have a motive to develop testimony regarding the agency relationship between Gumbaytay and the owner defendants involved in this case. In this case, the owner defendants are arguing that While Matthew Bahr was a party in the *Boswell* suit, he did not participate in that case and was defaulted. It is unlikely that he was even present at the deposition to develop the testimony. Accordingly, his inclusion as a defendant in both cases does not render the deposition admissible against the other defendants in this case.

      It is the opinion of this Court that Gumbaytay's motives for developing his own testimony were not similar to the motives of the owner defendants. Accordingly, it is hereby ORDERED that James and Barbara Clark and Abraham Campbell's Motions in Limine (Docs. # 345, 353, 355) are GRANTED.

      Done this the 23rd day of June, 2011.

                                        /s/ Mark E. Fuller
                               UNITED STATES DISTRICT JUDGE