IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )  Case No. 2:08-cv-573-MEF<br>v.  )  (WO—Publish)<br>  )<br>MATTHEW BAHR, et al.,  )<br>  )<br>    Defendants.  )  | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the Court on four motions—two filed by Defendant Matthew Bahr and two filed by the United States. Bahr's first motion is a Motion to Alter, Amend or Vacate Final Judgment Or, in the Alternative, Motion for Relief from Final Judgment. (Doc. # 427.) His second is a Motion to Stay Execution Pending Disposition of Motion to Alter, Amend, or Vacate. (Doc. # 443.) The United States' first motion is a Motion to Supplement the Record (Doc. # 433) and the second is a Motion to Seal (Doc. # 436). For the reasons discussed below, both of Bahr's motions are due to be denied whereas both of the United States' motions are due to be granted.

**II. BACKGROUND**

The Court need not recount all of the facts underlying this case. Many of these facts are discussed elsewhere, for example in the Court's Memorandum Opinion and

1

Order on defendant Lori Williams's motion for summary judgment. (Doc. # 197.) The Court will assume the parties' familiarity with those opinions for the sake of brevity. In short, this case involves a pattern and practice of sex discrimination by Jamarlo Gumbaytay, a property manager employed by a number of property owners. This led to the United States bringing suit under the Fair Housing Act, 42 U.S.C. § 3601, against Gumbaytay and the various property owners.

Important here is that defendant Matthew Bahr—one of the property owners who employed Gumbaytay—chose not to participate in the underlying lawsuit.[1] Due to this decision, the United States moved to have default judgment entered against Bahr. The Court granted the motion after conducting an evidentiary hearing. (*See* Docs. # 418, 419.) The final judgment against Bahr included civil penalties of $10,000 and damages of $17,000 to be distributed to the victims—$4500 to Loretta Hull; $5,000 to Rita Julian; $2,500 to Calandra Wright; and $5,000 to Britney Knight. (Doc. # 419.)

Bahr has since moved the Court to vacate the final judgment or to at least fix various errors that he claims the judgment contains. The basis for this motion is as follows. The third amended complaint alleged that Bahr employed Gumbaytay as his agent to manage two of his properties: one located at 3661 Whiting Avenue, Montgomery, Alabama 36105; the other at 964 North Gap Loop, Montgomery, Alabama 36110. (Doc. # 168 at ¶ 6.) Yet the United States never offered testimony during the

---

[1] Bahr made this decision despite having knowledge of the suit and being served with the complaint. His wife even appeared to defend against the claims brought against her.

evidentiary hearing related to these properties, instead focusing on testimony from victims of other Bahr-owned and Gumbaytay-managed residences. This evidence included: Calandra Wright's testimony that she lived at 817 North Pass Road; Loretta Hull's testimony that she lived at 609 Boyce and 2233 E. 4th Street; Rita Julian's testimony that she lived at 105 Stuart St. and 649 Cramer Ave.; and Britney Knight's testimony that she lived at 105 Stuart St. Bahr has now asserted various arguments about why these discrepancies call for post-judgment relief.

### III. DISCUSSION

#### A. Bahr's motion to alter, amend, or vacate the final judgment against him

Bahr asks the Court to do three things in his Motion to Alter, Amend, or Vacate. First, he wants vacated this Court's judgment ordering damages against him. (Doc. # 427 at 10.) Second, he seeks a downward revision as to the damages awarded against him because, he claims, the statute of limitations bars some of the United States' claims. (*Id.* at 10.) Third, he wants a ruling that the Court's final judgment is "void" for lack of subject matter jurisdiction. (*Id.* at 12.) The Court will address each argument in turn.

#### 1. Bahr's attempt at voiding the judgment against him

Bahr primarily wants the Court to revisit and then vacate the judgment entered against him. To this end, Bahr argues that, while the United States proved sex discrimination as to some properties he owned, it did not prove its case as to the properties listed in the amended complaint. Bahr contends that the Court must fix this

3

discrepancy and that "Rule 59 is the proper mechanism for . . . relief." (Doc. # 441 at 1.) But this is incorrect: the "exclusive . . . method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984).

This leaves Bahr with Rule 60(b) as the only procedural mechanism for relief. Under Rule 60(b), "the court may relieve a party . . . from a final judgment" for one of five specific reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Here, Bahr cannot meet any of the first five reasons for granting relief from the default judgment entered against him. So he can seek relief only through the "any other reason" catchall contained in Rule 60(b)(6). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotations omitted).

Bahr can make no such showing. He made a conscious decision to ignore the lawsuit filed against him. That he dislikes the negative consequences tied to this decision does not make his circumstances exceptional. *See, e.g.*, *Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . ."); *Aghassi v. Holden & Co.*, 92 F.R.D. 98, 100 (D. Mass. 1981) ("The consequences of

neglectfulness on the plaintiff's part will not ordinarily constitute the kind of extreme hardship contemplated by Rule 60(b)(6)"). Bahr's main argument—that the damages awarded to four of his tenants should be vacated because the amended complaint did not identify the tenant's addresses specifically—is an objection appropriately raised during adversarial proceedings. His failure to do so does not justify granting relief. *Cf. Dowell v. State Farm Fire and Cas. Auto. Ins.*, 774 F. Supp. 996, 1001 (S.D. W. Va. 1991) ("we do not find extreme hardship that would compel granting relief inasmuch as the Plaintiff knowingly and voluntarily passed over the means to protect his interest in litigation and possibly achieve his desired outcome.").

It is also unclear whether the technicality related to the tenant's addresses is even relevant. A party can move at the end of trial to amend the pleadings to conform with the evidence presented during the proceeding; this allows federal courts to avoid the problem Bahr now complains of. *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 758 (11th Cir. 1985). In fact, the Federal Rules of Civil Procedure "permit[] amendments to the pleadings *even after judgment* if the issues involved are tried by the express or implied consent of the parties." *Diaz v. Jaguar Restaurant Group, LLC*, 627 F.3d 1212, 1214 (11th Cir. 2010) (emphasis added) (quoting Fed. R. Civ. P. 15(b)). Since Bahr did not deign to appear in the case, he gave implicit consent to the United States to prove the claims that it did. "The fact that no formal amendment of the pleadings took place is of no consequence." *Proctor v. Gissendaner*, 579 F.2d 876, 885 n.20 (5th Cir. 1978).

At bottom, "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann*, 340 U.S. at 211–12. Bahr had an opportunity to defend himself and chose not to. It would serve neither equity nor efficiency to open the floodgates now to a new round of motions and hearings in this case due to a technicality related to the specifics of the pleadings. This is especially true seeing how Bahr, had he showed up to defend himself, could have pointed out this defect then. Bahr's motion is therefore due to be denied on the first ground he raises.

### 2. Bahr's statute of limitations argument

Bahr next asserts that "all damages based on events that occurred before July 28, 2006[,] are barred by the statute of limitations." (Doc. # 427.) From there, he appears to argue that the Court should reduce the plaintiffs' damages accordingly. This argument is meritless. The statute of limitations is an affirmative defense that a defendant waives by failing to plead it. Fed. R. Civ. P. 8(c)(1); *Day v. Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997) (citing cases holding "failure to plead the bar of the statute of limitations constitutes a waiver of the [statute of limitations] defense"). Besides, as discussed above, both Rule 59(e) and Rule 60(b) are unavailable to Bahr, so he has no procedural means to bring this argument properly before the Court. His motion is due to be denied on this ground too.

### 3. Bahr's arguments centered on subject-matter jurisdiction

Bahr lastly seeks relief under Rule 60(b)(4), which allows a court to relieve a

party from a final judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Court never had subject-matter jurisdiction, Bahr claims, because the United States "did not establish a pattern or practice of discrimination at [his] properties." (Doc. # 427 at 12.) This, however, is not the test for assessing the Court's subject-matter jurisdiction.

The relevant statute, 42 U.S.C. § 3614(a), confers standing on the Attorney General to bring suit in certain circumstances. One of which is where the Attorney General "has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of" violating the Fair Housing Act. 42 U.S.C. § 3614(a); *United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 122–23 (5th Cir. 1973).[2] For jurisdictional purposes, the statute does not require actual proof of the pattern or practice of discrimination; the Attorney General need only "reasonable cause" to believe that it occurred. *See United States v. Pelzer Realty Co., Inc.*, 484 F.2d 438, 444 (5th Cir. 1973).

A number of allegations in the third amended complaint support the Attorney General's reasonable-cause determination. For example, the United States alleged that Gumbaytay managed two properties owned by Bahr (Doc. # 168 at ¶ 5); that Bahr employed Gumbaytay as his agent to manage those properties (*id.* at ¶¶ 6–20); that Gumbaytay subjected female tenants to sexual harassment there (*id.* at ¶ 23); that Bahr knew or should have known of this harassment (*id.* at ¶ 24); and that Bahr owned other

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.

dwellings in which he employed Gumbaytay and in which Gumbaytay engaged in similar discriminatory conduct (*id.* at ¶ 29). Because Bahr defaulted, he admitted all of these allegations. *Nishmatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). These facts, taken as true, establish that the Attorney General had reasonable cause to believe a pattern or practice of sex discrimination took place.

Furthermore, the Court has already addressed whether the Attorney General had reasonable cause to bring the action, and in doing so, found that he did. (*See* Doc. # 197 at 10.) Bahr's arguments, as the United States points out, relate to whether particular victims should have received a damages award after an evidentiary hearing. This has nothing to do with whether the United States had the ability to bring the action initially. Accordingly, because the Attorney General satisfied the statutory standard, Bahr's Rule 60(b)(4) motion is due to be denied.

### B. The United States' motion to supplement

After Bahr filed his motion to alter, amend, or vacate the judgment entered against him, the United States moved to supplement the record. The newly provided evidence would further support the damages award against Bahr. Specifically, the evidence provides more proof that Bahr owned the properties at issue, employed Gumbaytay to manage them, and harmed the victims awarded damages by the Court. Bahr of course disputes the propriety of granting the United States' motion.

A defendant's decision to ignore a lawsuit against him prejudices not only himself but also his opponent by depriving the adverse party of the ability to obtain important evidence. *See Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004). Allowing the absentee defendant to then come along and nitpick the sufficiency of the evidence supporting the judgment against him would turn the litigation process on its head. Indeed, "[i]t would usher in a new era in the dynamics of litigation if a party could suffer a default judgment to be entered against it and then go about its business as if the slate was wiped clean and a new day had dawned." *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63–64 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). Thus the Eleventh Circuit allows district courts to create a record after default to support "whatever award of damages it deems appropriate." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Here, the Court sees no reason to revisit its damages award against Bahr. The evidence adduced at the damages hearing, standing alone, supports the judgment. Yet, out of an abundance of caution, the Court has reviewed the newly submitted evidence filed by the United States. This evidence shows that Wright, Cates, Julian, and Knight lived in Bahr-owned properties that Gumbaytay managed on his behalf. Because it does, and since Bahr's absence deprived the United States of the opportunity to obtain evidence from him, the motion to admit the supplemental evidence is due to be granted. And because this evidence contains personal information, the United States' motion to

9

seal is likewise due to be granted.

## IV. CONCLUSION

After having fully considered the parties' arguments, and for the reasons discussed above, it is hereby ORDERED as follows:

1. Bahr's Motion to Alter, Amend or Vacate Final Judgment (Doc. # 427) is DENIED.

2. Bahr's Motion to Stay Execution Pending Disposition (Doc. # 443) is DENIED AS MOOT.

3. The United States' Motion to Supplement the Record (Doc. # 433) is GRANTED.

4. The United States' Motion to Seal (Doc. # 436) is GRANTED.

DONE this the 19th day of April, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE